**United States District Court**
For the Northern District of California

1
2
3
4                                                    E-FILED on    9/7/2012
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                              SAN JOSE DIVISION
11

12   THE BANK OF NEW YORK MELLON FKA          No. C-12-03179 RMW
     THE BANK OF NEW YORK AS TRUSTEE
13   FOR THE BENEFIT OF THE
     CERTIFICATEHOLDERS, CWMBS, INC.,
14   CHL MORTGAGE PASS-THROUGH TRUST
     2007-J2 MORTGAGE PASSTHROUGH
15   CERTIFICATES,                            ORDER GRANTING MOTION TO
                                              REMAND AND GRANTING MOTION FOR
16              Plaintiff,                     ORDER DECLARING DEFENDANTS
                                              VEXATIOUS LITIGANTS
17        v.

18   DEANNE BREWER and DOES I through X,      **[Re Docket No. 12]**
     Inclusive,
19
                Defendants.
20

21        Plaintiff Bank of New York Mellon ("BNY Mellon") moves for an order remanding this case

22   to state court and for an order declaring defendants Deanne Brewer and Spencer Brown vexatious

23   litigants.  Defendants oppose the motion and argue the case should be dismissed because plaintiff

24   lacks capacity to sue.[1]  On August 31, 2012, the court held a hearing to consider plaintiff's motion.

25   Having considered the papers submitted by the parties and the arguments of counsel and defendants,

26   ─────────────────────

27   [1]  As the court noted in its August 24, 2012 Order re Pending Motions (Dkt. No. 18), defendants had
     taken the position that they did not have to respond to the motion to remand until the issue of
28   capacity to sue was resolved.  The court allowed defendants to file an opposition out of time, and
     they responded on August 29, 2012.

ORDER GRANTING MOTION TO REMAND AND GRANTING MOTION FOR ORDER DECLARING DEFENDANTS  VEXATIOUS
LITIGANTS—No. C-12-03179 RMW
LJP/JLC

**United States District Court**
For the Northern District of California

1  and for the reasons set forth below, the court grants the motion to remand and grants the motion to

2  declare defendants vexatious litigants.

### I. CAPACITY TO SUE

4  Defendants have filed several motions urgently asking this court to dismiss the case, arguing

5  that BNY Mellon is not recognized by the California secretary of state and therefore lacks capacity

6  to sue.  Defendants argue that capacity to sue must be established "[p]rior to any evidentiary hearing

7  or hearing on the merits of jurisdiction matters."  However, defendants have not cited any cases or

8  statutes to support this assertion.

9  The Supreme Court has explained that "[t]he requirement that jurisdiction be established as a

10  threshold matter springs from the nature and limits of the judicial power of the United States and is

11  inflexible and without exception." *Steel Co. v . Citizens for a Better Environment*, 523 U.S. 83, 94-

12  95 (1998) (internal quotations omitted).  The Supreme Court rejected an approach of first deciding

13  other issues "because it carries the courts beyond the bounds of authorized judicial action and thus

14  offends fundamental principles of separation of powers." *Id.* at 94.  "Without jurisdiction the court

15  cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to

16  exist, the only function remaining to the court is that of announcing the fact and [remanding the case

17  to state court]." *Id.* (quoting *Ex parte McCardie*, 7 Wall. 506, 514 (1868)).  Thus, the court *must*

18  decide jurisdiction before it can turn to any other issues, including capacity to sue.

19  Defendants have cited 59 Am. Jur. 2d Parties § 26, but that article only confirms that

20  capacity to sue, while a threshold matter, is not a jurisdictional issue: "Lack of capacity to sue does

21  not relate to the jurisdiction of a court." *Id.*; *accord Am. Alternative Energy Partners II v.

22  Windridge, Inc.*, 42 Cal. App. 4th 551, 559 (1996) ("Lack of capacity is not a jurisdictional defect . .

23  . .").  59 Am. Jur. 2d Parties § 26 does not say that the court can determine capacity to sue before it

24  determines jurisdiction.  Thus, the court turns first to the issue of jurisdiction and whether it must

25  remand the case.

### II. REMAND

27  Plaintiff initiated this case by filing a complaint for unlawful detainer in Santa Clara County

28  Superior Court on February 18, 2010.  Defendants removed the case to this court on June 19, 2012.

**United States District Court**
For the Northern District of California

1  As further discussed in Section III, this is the third time defendants have removed the case to federal

2  court.  Plaintiff now moves to remand on the grounds that the court lacks jurisdiction over an

3  unlawful detainer action.

4       Defendants' notice of removal asserts that this court has original jurisdiction pursuant to 28

5  U.S.C. §§ 1331, 1339, and that the case is removable pursuant to 28 U.S.C. §§ 1442(a) and 1443(1).

6  Dkt. No. 1 ¶ 5.  Defendants also appear to claim that there is diversity jurisdiction. *See id.* ¶ 11.

7  Judge Davila has already addressed all of those arguments and explained why the case cannot be

8  removed.  *See* Dkt. No. 12-3, Exh. 3 (Order Granting Plaintiffs' Motion to Remand in Case No.

9  5:12-cv-00829-EJD).  This court has reviewed defendants' notice of removal and agrees with Judge

10  Davila's conclusion.  In other words, the court finds that it lacks subject matter jurisdiction and the

11  case must be remanded.

12       Defendants argue that to remand the case is to reward plaintiff and "give voice to a voiceless

13  entity that has no standing."  To the contrary, the court is simply declaring that it lacks the power to

14  do anything with this case.  Even if this court were to conclude that plaintiff lacks capacity to sue,

15  there would be no legal effect because lack of subject matter jurisdiction renders this court without

16  authority to make such a determination.  Thus, the court does not rule on the issue of plaintiff's

17  capacity to sue nor on defendants' request for temporary restraining order filed on the day of the

18  hearing.

### III.  VEXATIOUS LITIGANTS

20       In addition to remand, plaintiff requests that pursuant to 28 U.S.C. § 1651(a) the court

21  declare defendants to be vexatious litigants and enter pre-filing orders requiring defendants to seek

22  leave of court before filing further notices of removal of the unlawful detainer action at issue.

23       Commonly referred to as the "All Writs Act," section 1651(a) provides: "The Supreme Court

24  and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of

25  their respective jurisdictions and agreeable to the usages and principles of law." It is well-established

26  that this court has the power to enter pre-filing orders against vexatious litigants. *Molski v.*

27  *Evergreen Dynasty Corp.,* 500 F.3d 1047, 1057 (9th Cir. 2007); *Weissman v. Quail Lodge, Inc.*, 179

28  F.3d 1194, 1197 (9th Cir. 1999) ("District courts have the inherent power to file restrictive pre-filing

**United States District Court**
For the Northern District of California

1    orders against vexatious litigants with abusive and lengthy histories of litigation."); *De Long v.*

2    *Hennessey*, 912 F.2d 1144, 1147-1148 (9th Cir. 1990); *see also Moy v. United States*, 906 F.2d 467,

3    468, 471 (9th Cir. 1990) (upholding pre-filing order against pro se litigant).[2]  Such orders are an

4    extreme remedy because they can impinge upon the ability of litigants seeking redress with rightful

5    claims to reach the court. *Molski*, 500 F.3d at 1057. Therefore the court should not exercise undue

6    haste in granting pre-filing orders and should proceed "only after a cautious review of the pertinent

7    circumstances." *De Long*, 912 F.2d at 1148.

8         Such a review should be especially considered in light of the general policy of the courts to

9    be protective of *pro se* litigants.  *Pavilonis v. King*, 626 F.2d 1075, 1076 (1st Cir. 1980).  However,

10   there are also sound policy reasons supporting the use of filing limitations against unrepresented

11   parties when proper, as they allow the courts to maintain their docket when other controls are often

12   unavailable.  *Doran v. Vicorp Restaurants, Inc.,* 407 F. Supp. 2d 1115, 1118 (C.D. Cal. 2005)

13   (noting that unlike pro se parties, attorneys are less likely to file frivolous claims because they both

14   face the continuous threat of malpractice and depend on their reputation in the community to sustain

15   their careers).

16        The Ninth Circuit has announced that in making a finding that a party is a vexatious litigant,

17   the court must: (1) assure that the litigant be given notice and the opportunity to be heard, (2) make

18   an adequate record listing the filings which support the order, and (3) make substantive findings that

19

20   [2]  In a different context, the Ninth Circuit has held that section 1651 "may be invoked by a district
     court only in aid of jurisdiction which it already has." *Stafford v. Superior Court*, 272 F.2d 407, 409
21   (9th Cir. 1959); *see also Lights of Am., Inc. v. U.S. Dist. Court for Cent. Dist. of Cal.*, 130 F.3d
     1369, 1370 (9th Cir. 1997) (denying request for writs of mandamus where no underlying subject
22   matter jurisdiction existed). However, the Ninth Circuit has also distinguished between the power to
     sanction abusive conduct by litigants before the court and jurisdiction over the merits of a case:
23            Our inherent jurisdiction to condemn and punish the abusive conduct of litigants and
              their attorneys who appear before us is separate and apart from our jurisdiction to
24            adjudicate the merits of their claims. In the exercise of our inherent jurisdiction we
              may, of course, inform ourselves of the nature and extent of apparent misconduct and
25            we may condemn it as abusive. Our condemnation is not the exercise of our
              jurisdiction over the merits; it is an exercise of our inherent jurisdiction. That some
26            issue may be common to both bases of jurisdiction does not preclude this court from
              exercising either independently or both simultaneously.
27   *Trohimovich v. CIR*, 776 F.2d 873, 875 (9th Cir. 1985) (finding no jurisdiction to consider appeal
     but imposing sanctions).  Thus, the court finds it has the authority to issue pre-filing orders even
28   after concluding it does not have subject matter jurisdiction over the underlying case.

ORDER GRANTING MOTION TO REMAND AND GRANTING MOTION FOR ORDER DECLARING DEFENDANTS VEXATIOUS
LITIGANTS—No. C-12-03179 RMW
LJP/JLC                                              4

**United States District Court**
For the Northern District of California

1   the party's filings are frivolous or harassing. *Molski,* 500 F.3d at 105 (citing *De Long*, 912 F.2d at

2   1147-1148).  Finally, the resulting order must be "narrowly tailored to closely fit the specific vice

3   encountered." *Id.* at 1148.

4       **A.       Notice**

5       Defendants were served with plaintiff's motion papers, which included the request for a

6   vexatious litigant finding and for a pre-filing order.  *See* Dkt. No. 12-4 (Certificate of Service).

7   Defendants' filings indicate they were aware of plaintiff's motion to remand, and they were provided

8   an opportunity to submit an opposition out of time and/or to present argument at the hearing on

9   plaintiff's motion.  *See* Dkt. No. 18.  Defendants availed themselves of both opportunities but chose

10  not to address plaintiff's request for a vexatious litigant finding and pre-filing order.  Thus, the notice

11  requirement has been satisfied.  *See Pac. Harbor Capital, Inc. v. Carnival Air Lines, Inc.,* 210 F.3d

12  1112, 1118 (9th Cir.2000) (holding that the opportunity to be heard does not require an oral or

13  evidentiary hearing and the due process requirement is satisfied by the opportunity to brief the

14  issue).

15      **B.       An Adequate Record**

16      Prior to the issuance of a pre-filing order, the court must lay out an adequate record that

17  "includes a listing of all the cases and motions that led the district court to conclude that a vexatious

18  litigant order was needed.  At the least, the record needs to show, in some manner, that the litigant's

19  activities were numerous or abusive." *De Long*, 912 F.2d at 1147 (internal citations omitted).

20      Plaintiff filed this case in state court on February 18, 2010.  On November 7, 2011,

21  defendants filed their first notice of removal in this court, assigned Case No. 3:11-cv-05373-SI,

22  arguing that jurisdiction was proper based on 28 U.S.C. § 1332.[3]  In an order dated January 25,

23  2012, Judge Illston remanded the case, stating, "an action is not removable on the basis of diversity

24

25  [3] Plaintiff has not requested judicial notice of defendants' prior Notices of Removal, filed November
    7, 2011 and February 21, 2012.  However, the court may take judicial notice *sua sponte* pursuant to
26  Fed. R. Evid. 201(c)(1).  Furthermore, related proceedings and filings before the court are the proper
    subject of judicial notice.  *See State of Fla. Bd. of Trustees of Internal Imp. Trust Fund v. Charely*
27  *Toppino & Sons, Inc.*, 514 F.2d 700, 704 (5th Cir. 1975) (citing *National Fire Insurance Co. v.*
    *Thompson*, 281 U.S. 331, 336 (1930)).  Pursuant to Fed. R. Evid. 201(e), either party may request an
28  opportunity to be heard regarding the court's decision to take judicial notice of the above pleadings.

ORDER GRANTING MOTION TO REMAND AND GRANTING MOTION FOR ORDER DECLARING DEFENDANTS VEXATIOUS
LITIGANTS—No. C-12-03179 RMW
LJP/JLC                                    5

United States District Court
For the Northern District of California

1  of citizenship if the defendant is a citizen of the state in which the action was brought." Dkt. No. 12-

2  3, Exh. 2 (Dkt. No. 22 in Case No. 3:11-cv-05373-SI).

3       On February 21, 2012, defendants again removed the case, assigned Case No. 5:12-cv-

4  00829-EJD, claiming that jurisdiction was proper in federal court pursuant to 28 U.S.C. §§ 1331,

5  1339.  The court remanded after finding that, *inter alia*, no basis for federal jurisdiction existed.

6  Dkt. No. 12-3, Exh. 3 (Dkt. No. 33 in Case No. 5:12-cv-00829-EJD).  This order again informed

7  defendants that "removal is not permitted if a defendant in the case is a citizen of the state in which

8  the plaintiff originally brought the action, even if the opposing parties are diverse." *Id.* at 4.

9       As noted above, defendants most recently filed a notice of removal on June 19, 2012.

10  Defendants labeled their notice a complaint but therein requested removal and asserted that removal

11  was proper based upon a combination of the grounds asserted in their earlier notices.  From the face

12  of the June 19 filing, it appears that the dominant concern of defendants is not to initiate a separate

13  federal case but to remove the state proceedings and thereby halt their eviction from the subject

14  property.

15       In sum, defendants have filed notices of removal on three separate occasions.  Through the

16  prior orders, the court has amply explained the multiple reasons why removal is not proper.  In

17  particular, defendants have been repeatedly advised that a diversity case cannot be removed when a

18  defendant is sued in its home state, as set forth in 28 U.S.C. § 1441(b)(2):

19      A civil action otherwise removable solely on the basis of the jurisdiction under
20      section 1332 (a) of this title [i.e., diversity jurisdiction] may not be removed if any of
    the parties in interest properly joined and served as defendants is a citizen of the State
    in which such action is brought.

21

22  In spite of these orders, defendants' most recent notice is essentially duplicative of the prior two

   notices and is similarly composed of unsupported assertions of jurisdiction.

23

24  **C.    Finding of Frivolousness or Harassment**

     Defendants have on three occasions sought to remove this case without any factual or legal

25

26  support.  Defendants were advised through two separate orders that they failed to assert a proper

basis for jurisdiction and yet continued to bring arguments they have notice are invalid.  Thus, the

27

court finds that defendants' filings are frivolous.

28

**United States District Court**
For the Northern District of California

1    The court is aware that most vexatious litigant findings involve tens or even hundreds of

2  filings.  Here, the court believes the defendants' filings, while fewer in number, are sufficiently

3  egregious because they arise in the same case, attempt to take the same improper action, and raise

4  the same arguments that have already been rejected.  The court further notes that unlawful detainer

5  actions are meant to pass through the courts in an expedited manner and are given precedence in trial

6  setting.  *See* Cal. Cod. of Civ. Proc. § 1179a.  Here, plaintiff filed its action for unlawful detainer

7  against defendants on February 18, 2010 and served defendant Brewer with a summons on March 8,

8  2010.  Despite the policy towards expeditious conclusion of unlawful detainer actions, and likely at

9  least in part as a result of defendants' repeated removals, this case is still pending.  Thus, defendants'

10 filings have had significant dirsuptive effect.

11    **D.    Narrow Tailoring of the Order**

12    For a pre-filing order to survive appellate scrutiny, the order must be narrowly tailored to

13 prevent the harm committed from reoccurring and to avoid an unnecessary infringement upon a

14 litigant's access to the courts.  *De Long*, 912 F.2d at 1148.  Here, the order simply requires

15 defendants to seek leave of this court before filing another notice of removal of the unlawful detainer

16 case from state court.  *See Molski*, 500 F.3d at 1061 ("The order is narrowly tailored because it will

17 not deny Molski from filing any ADA complaints, it merely subjects Molski's complaints to an

18 initial screening review by a district judge.").  Furthermore, the pre-filing order does not interfere

19 with defendants' ability to initiate new actions in this court or to remove other state court litigation.

20    **E.    Conclusion**

21    The Ninth Circuit has announced that courts have an affirmative obligation to "ensure that

22 judicial resources are not needlessly squandered on repeated attempts by litigants to misuse the

23 courts. Frivolous and harassing claims crowd out legitimate ones and need not be tolerated

24 repeatedly by the district courts." *O'Loughlin v. Doe*, 920 F.2d 614, 618 (9th Cir. 1990). Defendants'

25 duplicative filings have forced not only the unnecessary expenditure of time and money on the part

26 of plaintiff but also the use of the court's limited resources that could be better used in processing

27 legally supported claims.  The court therefore grants plaintiff's request for a pre-filing order.

28

**III.  ORDER**

For the foregoing reasons, the case is remanded to the Superior Court of California for the County of Santa Clara.

Further, the court finds that Deanne Brewer and Spencer Brown are vexatious litigants. Before filing any further notices of removal of Santa Clara County Superior Court case number 110-CV-163857, Deanne Brewer and Spencer Brown are hereby ordered to file a motion for leave to file a notice of removal.  They must submit a copy of this order and a copy of the proposed filing with any motion for leave.

IT IS SO ORDERED.

DATED:     September 7, 2012

RONALD M. WHYTE
United States District Judge

ORDER GRANTING MOTION TO REMAND AND GRANTING MOTION FOR ORDER DECLARING DEFENDANTS VEXATIOUS LITIGANTS—No. C-12-03179 RMW
LJP/JLC                                                        8